# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CASE NO. 1:25-CR-006 |
| v. | : |
| | : JUDGE BLACK |
| CHARLES E. JONES and | : |
| MICHAEL DOWLING, | : **GOVERNMENT'S CONSOLIDATED** |
| | : **RESPONSE TO DEFEDANTS'** |
| Defendants. | : **MOTIONS FOR A BILL OF** |
| | : **PARTICULARS** |

The United States respectfully submits this consolidated response in opposition to Defendant Michael Dowling's Motion for a Bill of Particulars (Doc. 32, PageID 177) and to Defendant Charles Jones's Motion for a Bill of Particulars (Doc. 33, PageID 189). In response, the United States asserts that the Court should deny the defendants' motions for the reasons set forth in the following memorandum.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Emily.Glatfelter@usdoj.gov
E-mail: Matthew.Singer@usdoj.gov

**MEMORANDUM OF LAW**

Defendants Jones and Dowling ask this Court to order a bill of particulars. They seek information such as a description of the government's proof, its trial evidence, and overt acts that furthered the conspiracy. While both defendants describe their motion as "limited," the information sought far exceeds the proper purpose of a bill of particulars. Rather, the information they seek is precisely the type that courts have found is outside the scope of a bill of particulars and has caused courts to admonish defendants that a bill of particulars is not a discovery tool. Moreover, the motions ignore the fact that many of the details the defendants seek they already have through the Indictment, which spans forty-two pages and details the manner and means of the conspiracy and specific allegations of misconduct supporting the charge; through the extensive discovery that has been produced (and will continue to be produced on a rolling basis); and through information that has been provided to the defendants or been made publicly available through other proceedings. For these reasons, set forth fully below, the motions should be denied.

**I.      PROCEDURAL HISTORY**

The grand jury charged defendants Jones and Dowling with conspiring to conduct and participate in the affairs of an enterprise through a pattern of racketeering activity that consisted of multiple acts indictable under 18 U.S.C. §§ 1343, 1346; 18 U.S.C. § 1956; and 18 U.S.C. § 1512; and chargeable under Ohio Rev. Code § 2921.02. (Doc. 4, ¶ 34.) The Indictment identified the defendants, the enterprise, and relevant individuals and entities (*id.*, ¶¶ 1–23); provided background facts and information relating to the enterprise (*id.*, ¶¶ 24–33); set forth the charge, predicate violations, and date range of the conspiracy (*id.*, ¶¶ 34–35); and described, in twenty two separate paragraphs, the "Manner and Means of the Racketeering Conspiracy" (*id.*, ¶¶ 36A–V). The remaining twenty-four pages of the Indictment identified acts committed by Jones, Dowling,

and co-conspirators in furtherance of the racketeering conspiracy, detailing specific interactions supporting the bribery, money laundering, and obstruction predicates identified in the Indictment. (*Id.*, ¶¶ 37–110.)

Both defendants move the Court for a bill of particulars. Jones seeks a bill of particulars that would specifically identify "when, where, and with whom in Washington, D.C." there was discussion of "Householder's need for money" and "FirstEnergy's needs for a legislative bailout for the Nuclear Plants"; "confirm whether the Government alleges that Mr. Jones conspired to bribe public officials other than Larry Householder and Samuel Randazzo and, if so, whom and in exchange for what official acts"; and "identify certain dates, locations, and acts of 'concealment'" relevant to the obstruction predicate. (Doc. 33, PageID 189.)

Dowling's motion relates to the § 1512 predicate. He seeks an order directing the government to specify: "the specific provision(s) within § 1512 that Mr. Dowling is alleged to have violated"; the "manner and method by which the government contends" he is responsible for alleged "missing" messages; "the type or format" of missing messages; the dates the messages are alleged to have gone missing; the "others" the government contends Dowling allegedly directed to destroy, conceal, or alter information; and the earliest date the government contends he knew of the official proceeding. (Doc. 32, PageID 177–78.)

The Court should deny the motions.

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(f), a district court, in its discretion, may order the government to provide a bill of particulars. "This rule exists to protect defendants from unfair 'surprise' about 'the nature of the charge against' them and to ensure that they can later assert their double-jeopardy right not to be indicted for the same offense again." *United States v. Harvel*, 115

F.4th 714, 730–31 (6th Cir. 2024) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). "If, however, the Indictment already satisfies these goals, the defendant has no need for a bill of particulars." *Id*. at 731. The Sixth Circuit is clear that a bill of particulars is not "a discovery 'tool' to obtain evidence outside the normal channels." *Id*.

This means a bill of particulars is not a "tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A defendant also may not seek a bill of particulars to discover "the name of all other co-conspirators," *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004), "a list of the Government's witnesses," *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008), or "all the overt acts that might be proven at trial," *Salisbury*, 983 F.2d at 1375. The latter "is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Martin*, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987); *accord United States v. Hayes*, 884 F.2d 1393, 1989 WL 105937, at *4 (6th Cir. Sept. 14, 1989); *see also Salinas v. United States*, 522 U.S. 52, 63 (1997) (overt acts are not an element of a RICO conspiracy).

"The decision to order a bill of particulars is within the sound discretion of the trial court." *Salisbury*, 983 F.2d at 1375. Abuse of that discretion "'requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial.'" *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (quoting *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989)).

3

### III. ARGUMENT

#### A. The Court Should Deny Jones's Motion.

Jones seeks a bill of particulars relating to three categories of factual allegations. The Court should deny his motion as to each.

*First*, Jones argues the government "should detail when, where, and with whom it was discussed that FirstEnergy would support Mr. Householder in exchange for a nuclear bill," as alleged in paragraph 38 of the Indictment. (Doc. 33, PageID 193–95.) He asserts that "the date, location, and participants of the alleged discussion" are necessary to prepare his defense and avoid unfair surprise. (*Id*. at 194.)

But this request is precisely the type that exceeds the purpose of a bill of particulars and converts a motion for a bill of particulars into a discovery tool. As established above, the government need only allege "the nature of the charge," and a defendant may not seek a bill of particulars to obtain the government's trial evidence or specific details of overt acts that might be offered at trial. *Harvel*, 115 F.4th at 730–31; *Salisbury*, 983 F.2d at 1375. Consequently, courts in this Circuit are clear that "evidentiary details such as the who, what, when, where, and why of the crimes alleged"—information Jones seeks here—"do not warrant a bill of particulars." *United States v. Darden*, 346 F. Supp. 3d 1096, 1119 (M.D. Tenn. 2018), *aff'd sub nom. United States v. Burks,* No. 22-6094, 2024 WL 4250334 (6th Cir. Sept. 20, 2024) (brackets and quotation marks omitted); *see Musick*, 291 F. App'x at 724–25 (affirming denial of bill of particulars seeking "the date, place, and nature of each act of any co-conspirator and appellant done in furtherance of the conspiracy"); *United States v. Minion*, No. 22-CR-20059, 2023 WL 2733392, at *6 (E.D. Mich. Mar. 31, 2023) ("the 'wheres, whens, and with whoms' of a conspiracy, are frequently held to be beyond the scope of a bill of particular."); *United States v. Maricle*, No. 6:09-16-S-DCR, 2009 WL

4

4168974, at *2 (E.D. Ky. Nov. 20, 2009) ("[D]emands for the 'whens, wheres, and hows' of the alleged offenses . . . far exceed the purposes of a bill of particulars"); *United States v. Reid*, No. CR 07-110-DCR, 2008 WL 11414538, at *2 (E.D. Ky. Feb. 26, 2008) ("specific dates, a recitation of exact acts, identification of witnesses, and a roster of conduct . . . clearly exceeds the proper purpose of a bill of particulars . . . particularly in a conspiracy context."); *United States v. Ridley*, 199 F. Supp. 2d 704, 707–08 (S.D. Ohio 2001) (denying bill of particulars seeking "the exact place," "the precise time," "the precise manner" in which defendant committed the charged offenses and the identity of any witnesses).

Here, the Indictment details the factual background, relevant individuals and entities, and the manner and means through which Jones conspired to commit the bribery predicates. And, although the government was not required to allege any specific acts in furtherance of the conspiracy, paragraph 38 identifies the January 2017, Washington, D.C., conversations involving Jones, Dowling, Householder, and Longstreth, during which it is alleged they discussed a corrupt exchange. (Doc. 4, ¶ 38.) Unlike the cases cited in his motion, Jones is thus aware of the location, approximate dates, participants, and content of the relevant conversations during the Washington, D.C. trip; and additional details, much of which is publicly available,[1] will be produced in discovery. *See Maricle*, 2009 WL 4168974, at *2 (bill of particulars involving the "whens, wheres, and hows" of a RICO conspiracy inappropriate given the detailed Indictment, extensive discovery, and "documents publicly available" to defendant). Jones has already received more than is

---

[1] Jones's claim that he will be "unfairly surprised" if he does not receive additional information is without merit because he already has access to significant details relating to these events. *See, e.g., United States v. FirstEnergy Corp.*, 1:21-cr-00086, Doc. 3 (S.D. Ohio); *United States v. Householder, et al.*, 1:20-cr-00077, Doc. 217 (S.D. Ohio).

5

required under the law, and his attempt to use a motion for a bill of particulars as a discovery tool is inappropriate.

*Second*, Jones seeks an order requiring the government to identify whether the Indictment alleges bribes to officials other than Householder and Randazzo and, if so, whom and in exchange for what official acts. (Doc. 33, PageID 195–98.) But, again, overt acts are not an element of a RICO conspiracy—*i.e.*, no overt act is necessary to sustain a conviction, *Salinas*, 522 U.S. at 63; and so "a defendant is not entitled to discover all the overt acts that might be proven at trial." *Salisbury*, 983 F.2d at 1375.

The Indictment alleges that Jones and Dowling agreed to pay Larry Householder and Samual Randazzo in exchange for these public officials performing official action to benefit the enterprise and the defendants. (*See, e.g.,* Doc. 4, ¶¶ 36G–R.) The Indictment also alleges that Jones and Dowling furthered the conspiracy by corruptly intending to buy influence with specific public officials and causing and directing corrupt payments with the intent that the officials would take specific official action in return. (*See id.*, ¶ 36T.) Examples of the official action relating to these allegations are also detailed in paragraph 43. (*See id.*, ¶ 43.) These allegations are distinct from the allegations relating to the corrupt agreements involving Householder and Randazzo and are all that is required under the law. *Salisbury*, 983 F.2d at 1375.

Nevertheless, discovery will clarify any alleged confusion. As noted in Jones's motion, discovery in this case is extensive. By letter, the government has provided the defendants a list of bates numbers correlating with documents produced in discovery that identify the public officials and detail certain specific interactions and conversations relevant to the allegations in the

Indictment cited in Jones's motion.[2] This will "clarify . . . the Indictment's generalized allegations" as to the nature of the charge and give notice so that Jones is not surprised by this evidence at trial—precisely what Jones seeks through his motion. (Doc. 33, PageID 196.) Jones's request for a bill of particulars as to these allegations is thus unnecessary and should be denied. *See United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) (affirming the district court's denial of a motion for a bill of particulars where the defendant had received "extensive discovery from the government"); *United States v. Caniff*, No. 2:21-CR-121, 2023 WL 3901529, at *7 (S.D. Ohio June 8, 2023) ("When the Government has produced significant discovery, a bill of particulars is unnecessary.").

*Finally*, Jones again seeks information identifying the "when and where" of acts identified in the Indictment, specifically those set forth in paragraphs 106 and 107. (Doc. 33, PageID 198.) Paragraphs 106 and 107 detail interactions involving Jones and two other individuals, which led to Jones directing one of the individuals to provide false information to those collecting material in response to the investigation and grand jury subpoenas relating to *United States v. Householder*, 1:20-cr-00077 (S.D. Ohio). (Doc. 4, ¶¶ 106, 107.) These paragraphs identify the parties to the conversations,[3] the approximate dates the conversations occurred, and the subject matter of those conversations—specifically, false statements to company investigators gathering information in

---

[2] Along with the bates numbers, the government has provided the specific folders in discovery where the materials can be found. Notably, the list provided by the government is not the government's exclusive evidence relating to these interactions, but rather is provided to give clarity.

[3] The government has provided in discovery an Indictment Key of Names that identifies the individuals whose identities were protected in the Indictment.

7

response to subpoenas relating to *Householder* about transactions involving Individual B, including a specific $400,000 payment.[4]

This is all that is required. As the above case law makes clear, anything more—like the "*factual details* . . . of the 'wheres [and] whens'" and "recitation of exact acts" that Jones seeks here—is "*the very type of evidentiary minutiae that is not appropriate in a bill of particulars.*" *Reid*, 2008 WL 11414538, at *2 (emphasis in original) (quotation marks omitted); *Darden*, 346 F. Supp. 3d at 1119 (rejecting bill of particulars "seeking the exact date, time, and location of overt acts" and collecting cases in support); *Ridley*, 199 F. Supp. 2d at 707–08 (finding time, place, and manner of offenses inappropriate for bill of particulars); *see supra* at 4 (listing cases). Rather, Jones is attempting to use a bill of particulars as a "discovery tool" to "obtain a detailed description of the government's proof against him." *Ridley*, 199 F. Supp. 2d at 708. Again, this is improper. *Id.*; *Harvel*, 115 F.4th at 730–31.

For these reasons, the Court should deny Jones's motion for a bill of particulars.

**B. The Court Should Deny Dowling's Motion.**

Dowling seeks a bill of particulars relating to six separate categories of information relevant to the obstruction predicate.

Dowling first requests the specific provision within § 1512 he is alleged to have violated. (Doc. 32, PageID 177 (identified in motion as request (a).) The Indictment alleges that Dowling agreed to participate in a conspiracy that included obstruction under § 1512. Consistent with the

---

[4] In addition, filings in the Summit County Court of Common Pleas criminal case against Jones, *State of Ohio v. Jones, et al.*, CR 2024-02-0473, indicate that Jones has already received in discovery in that matter witness statements from FirstEnergy Service Executive 1 and other related evidentiary materials relating to the bill of particulars he now seeks. The government in this case intends to provide additional information relevant to these allegations pretrial pursuant to its Jencks Act disclosure obligations.

8

allegations in paragraph 36V, the government clarifies that the applicable provision relating to obstruction by Dowling is § 1512(c). Furthermore, the "type or format of messages" alleged to be missing, as set forth in request (c) of Dowling's motion, are apparent based on information that will be provided through discovery and pretrial, making a bill of particulars unnecessary as to this issue. *Martin*, 516 F. App'x at 455; *see United States v. Mills*, No. 16-CR-20460, 2019 WL 1915762, at *6 (E.D. Mich. Apr. 30, 2019) (considering information provided by government in its response to motion in denying bill of particulars); *accord United States v. Butler*, 822 F.2d 1191, 1193–94 (D.C. Cir. 1987); *United States v. Jackson*, No. 1:16-CR-427-AT-JKL-8, 2019 WL 7842416, at *4 (N.D. Ga. Aug. 29, 2019); *United States v. Sanchez*, No. 06-20084-MLV, 2007 WL 9658570, at *2 (W.D. Tenn. Aug. 28, 2007).

The remainder of Dowling's requests are improper for a bill of particulars. Dowling seeks "the manner and method by which the government contends Mr. Dowling is responsible for the alleged 'missing' messages," the "date[s] on which the messages 'relevant to the federal investigation' are alleged to have gone 'missing'"; the identity of "the 'others' the government contends" were involved in the obstruction; and "the earliest date the government contends Mr. Dowling knew of the initiation of an official proceeding and the nature of such official proceeding." (Doc. 32, PageID 177–78 (identified in motion as requests (b), (d), (e), (f)).)

Through these requests, Dowling is attempting to improperly use a bill of particulars as a tool "to obtain a detailed description of the Government's proof against him." *Ridley*, 199 F. Supp. 2d at 708. Again, a bill of particulars may not be used by a defendant "to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375; *see also United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) ("a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case."). So

9

"the precise manner each charged crime is alleged to have been committed . . . is [] an improper use for a bill." *United States v. Foster*, No. 1:20-CR-186, 2022 WL 3348639, at *3 (N.D. Ohio Aug. 12, 2022).

This is particularly true in conspiracy cases. *Martin*, 822 F.2d 1089, 1987 WL 38036, at *3. "As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars." *Mills*, 2019 WL 1915762, at *5 (quoting *United States v. Wilson*, 493 F. Supp. 2d 364, 372 (E.D.N.Y. 2006)). This "means that defendants are not entitled to know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the government intends to adduce to prove their criminal acts." *Id*. (internal quotation marks omitted); *see United States v. Elhorr*, No. 13-20158, 2014 WL 5511502, at *3 (E.D. Mich. Oct. 31, 2014) (denying motion for bill of particulars that requested, for example, "the specific Medicare claims involved in the alleged conspiracy" because the requests were "not proper subjects of a bill of particulars").

Like Jones, this is precisely the type of information Dowling seeks through his motion. He does not request information about the "nature of the charge" to ensure he is not later indicted for the same offense again—that information is set forth in the Indictment. *Harvel*, 115 F.4th at 730–31. Rather, Dowling seeks "the manner and method" by which he allegedly deleted messages to further the conspiracy and the evidence "the government contends" supports the allegations. (Doc. 32, PageID 177–78.) As the above case law makes clear, seeking this type of information—the "manner each charged crime is alleged to have been committed" and the evidence in support—is an "improper use" for a bill of particulars. *Foster*, 2022 WL 3348639, at *3; *Mills*, 2019 WL 1915762, at *5.

## IV. CONCLUSION

For these reasons, the defendants' motions should be denied.

>Respectfully submitted,
>
>KELLY A. NORRIS
>Acting United States Attorney
>
>*s/ Emily N. Glatfelter*
>EMILY N. GLATFELTER (0075576)
>MATTHEW C. SINGER (IL 6297632)
>Assistant United States Attorneys
>221 East Fourth Street, Suite 400
>Cincinnati, Ohio 45202
>Office: (513) 684-3711
>Fax: (513) 684-6385
>E-mail: Emily.Glatfelter@usdoj.gov
>E-mail: Matthew.Singer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 21st day of March 2025, which provides electronic notice to all parties.

>*s/ Emily N. Glatfelter*
>EMILY N. GLATFELTER (0075576)
>Assistant United States Attorney